IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin Rashawn Simms,<br><br>Petitioner,<br><br>v.<br><br>Warden of Evans Correctional Institution,<br><br>Respondent. | C/A No. 9:25-cv-06429-JFA-MHC<br><br><br><br>**ORDER** |

**I.     INTRODUCTION**

Justin Rashawn Simms ("Petitioner"), proceeding pro se, filed this civil action requesting habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the Petition, the Magistrate Judge assigned to this action issued a Proper Form Order dated July 8, 2025, directing Petitioner to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. (ECF No. 3). Thereafter, the Proper Form Order was returned with a notation that it was not deliverable as addressed because the SCDC number, "358730" did not match the name. (ECF No. 9). Upon conducting an SCDC Incarcerated Inmate Search, the Magistrate Judge mailed the Proper Form Order to Petitioner with the correct inmate number of "358130." (ECF No. 11).

Once the time to bring the case into proper form as required by the re-mailed Proper Form Order elapsed, the Magistrate Judge issued a Report and Recommendation ("Report"). (ECF No. 13). The Report suggests that this case be dismissed without prejudice in accordance with Fed. R. Civ. P. 41(b) for failure to comply with the Proper Form Order. Petitioner filed objections on October 17, 2025. (ECF No. 17). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

In the Report, the Magistrate Judge recommends this matter be dismissed pursuant to Rule 41(b). A review of the docket reflects that at the time the Report was issued, the time for Petitioner to bring his case into Proper Form had elapsed based on the deadline of the second mailed Proper Form order. However, five days after the Report was filed, the second mailed Proper Form order was returned as undeliverable. (ECF No. 16). Petitioner

3

received the Report, which was sent to the same address as the second Proper Form Order and objected before the deadline to do so elapsed. (ECF No. 17).

Because the Report recommends dismissal for failure to comply with the Proper Form Order, and the docket reflects Petitioner did not receive the Proper Form Order in either of its mailings, this Court declines to adopt the Report.

## IV.     CONCLUSION

Therefore, because a review of the docket reveals that after the Report was issued the second Proper Form Order was returned as undeliverable despite being mailed to the proper address, the Court declines to adopt the Report. Accordingly, the matter is recommitted back to the Magistrate Judge for further proceedings. The Clerk of Court is directed to again mail the Proper Form Order (ECF No. 3) to Petitioner at his current address. Petitioner will have 30 days from the mailing of the Proper Form Order to bring his case into proper form.

IT IS SO ORDERED.

November 12, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge